UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERMAN TAMRAT,<br><br>    Plaintiff,<br><br>    v.<br><br>MERCARDO, et al.,<br><br>    Defendants. | Case No. 24-cv-08604-TLT<br><br>**ORDER OF SERVICE; DENYING MOTION FOR INJUNCTIVE RELIEF; DENYING MOTION TO STAY**<br><br>Re: Dkt. Nos. 15, 19 |

Plaintiff, a pretrial detainee at the San Francisco County Jail #2 proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983. For the reasons stated below, the complaint is ordered served. Plaintiff has been granted leave to proceed *in forma pauperis* by separate order. Plaintiff's motions for injunctive relief and to stay the case will be denied.

**DISCUSSION**

    **1.    Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity, or from an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at § 1915A(b)(1), (2). Further, it should be noted that pleadings submitted by *pro se* parties must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." While specific facts are not necessary, the statement needs to give the defendant fair notice of the nature of the claim and the grounds upon

which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Although a plaintiff need not include detailed factual allegations in a complaint, the complaint must do more than recite elements of a cause of action and state conclusions; rather, a plaintiff must state factual allegations sufficient to raise the entitlement to relief "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The Supreme Court explained this standard: "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations . . . [and] [w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### 2.    **Plaintiff's Claims**

Plaintiff names as defendants Sergeant Kunaboot, Deputy Mercado, and Does 1-10. He alleges that prior to his arrest, he had been beat up by security guards and shot by San Francisco police officers. He began to feel excruciating pain while in the ambulance on the way to the hospital and could not walk. While at Saint Francis Hospital, a police officer named Collins called specifically for Sergeant Kunaboot and a "van transport." He overheard the police officer telling another officer, "that's my boy," referring to a third person, and saying "we could fuck this guy (plaintiff) up man and he wouldn't care, he's solid, he'll go along with anything I tell him to, he won't care to help drag him out of here." Plaintiff believes this third person referred to was Kunaboot, who arrived shortly thereafter.

Plaintiff told Kunaboot he could not walk or bend over to put his pants on, and that he needed a wheelchair to function. Kunaboot and the other officers refused to put plaintiff's clothes back on. Kunaboot stood watch as two officers twisted plaintiff's wrists and arms and forced plaintiff to put weight on his injured legs and basically dragged him out of the hospital wearing

only a hospital gown that exposed his genitalia and buttocks.

Kunaboot and Collins told Mercado and another Doe sergeant at jail booking not to provide plaintiff a wheelchair but to make him suffer. Plaintiff told Mercado he could not walk, but Mercado and the Doe defendant twisted and lifted plaintiff's arm and/or wrists, forcing plaintiff to put weight on his injured legs. At some point, plaintiff defecated on himself and was not provided any assistance with getting cleaned up.

Plaintiff alleges that Kunaboot failed to intervene as the officers used excessive force on him by twisting his wrists and arms, almost breaking his wrists and arms in forcing him to place weight on his legs.

Plaintiff alleges that Mercado utilized his supervisory position to order subordinates not to provide plaintiff a wheelchair and instead to use excessive force on him.

He alleges both named defendants conspired to interfere with his civil rights in violation of 42 U.S.C. §§ 1985 and 1986 in denying him a wheelchair and conspired to cause excessive force against him. He alleges Mercado and Does 1-5 conspired to interfere with his civil rights by denying him a wheelchair and using excessive force on him. He also alleges that the named defendants violated Title II of the Americans with Disabilities Act (ADA) and section 504 of the Rehabilitation Act. He alleges the named defendants committed sexual assault against him in violation of the Fourteenth Amendment. And he alleges state-law claims of negligence, gross negligence, assault, battery, intentional infliction of emotional distress, and violation of California's Bane Act.

He seeks damages.

### 3. Analysis

#### a. Fourth and Fourteenth Amendment

The Due Process Clause of the Fourteenth Amendment protects a post-arraignment pretrial detainee from the use of excessive force that amounts to punishment. *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989). To prove an excessive force claim under § 1983, a pretrial detainee must show only that the "force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015). Because the *Kingsley* standard

3

applicable to excessive force claims by pretrial detainees is purely objective, it does not matter whether the defendant understood that the force used was excessive or intended it to be excessive. *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1069 (9th Cir. 2016) (en banc).

The Fourth Amendment reasonableness standard applies to allegations of use of excessive force against an arrestee while detained in custody post-arrest but pre-arraignment. *See Pierce v. Multnomah County, Oregon*, 76 F.3d 1032, 1043 (9th Cir. 1996).

**Liberally construed, plaintiff has stated a cognizable Fourth or Fourteenth Amendment claim against Mercado for using excessive force on him when he arrived at the jail, and for denying him a wheelchair.**

The elements of a pretrial detainee's failure to intervene/protect claim under the Fourteenth Amendment are: (1) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved; and (4) by not taking such measures, the defendant caused plaintiff's injuries. *Castro*, 833 F.3d at 1071. "[A] pretrial detainee who asserts a due process claim for failure to protect [must] prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id.* Police officers may also be held liable under the Fourth Amendment if they have an opportunity to intercede when their fellow officers violate the constitutional rights of a plaintiff but fail to do so. *See Cunningham v. Gates*, 229 F.3d 1271, 1289-90 (9th Cir. 2000).

The Fourteenth Amendment also protects pretrial detainees from deliberate indifference to their medical or safety needs. The elements of the claim are the same as for a failure to intervene. *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018). The officials' conduct must have been objectively unreasonable—the lack of due care is not enough. *See Alexander v. Nguyen*, 78 F.4th 1140, 1144-46 (9th Cir. 2023). **Liberally construed, plaintiff has stated a cognizable Fourth or Fourteenth Amendment claim against Kunaboot for failure to intervene in the officers' use of excessive force in dragging him out of the hospital, and for denying him a**

4

|   |   |
|---|---|
| 1 | **wheelchair.** |
| 2 | The Fourteenth Amendment also protects pretrial detainees' right to bodily privacy. |

1  **wheelchair.**

2  The Fourteenth Amendment also protects pretrial detainees' right to bodily privacy.
3  *Vazquez v. Cnty. of Kern*, 949 F.3d 1153, 1160 (9th Cir. 2020). And the Fourth Amendment
4  applies to pre-arraignment detainees. *Fontana v. Haskin*, 262 F.3d 871, 880-81 (9th Cir. 2001).
5  **Liberally construed, plaintiff's allegation that Kunaboot forced him to expose his genitalia to**
6  **strangers in the hospital by refusing to allow or assist him in getting dressed states a Fourth**
7  **or Fourteenth Amendment bodily privacy claim.**

        **b.**         **Civil Rights Conspiracy under 42 U.S.C. §§ 1985 and 1986**

The elements of a section 1985 claim are "(1) a conspiracy, (2) to deprive any person or a class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States." *Leishman v. Washington Off. of Att'y Gen.*, No. 24-2509, 2025 WL 957896, at *2 (9th Cir. Mar. 31, 2025). "To state a claim for conspiracy to violate constitutional rights, 'the plaintiff must state specific facts to support the existence of the claimed conspiracy.'" *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 929 (9th Cir. 2004) (quoting *Burns v. County of King,* 883 F.2d 819, 821 (9th Cir.1989)). **Liberally construed, plaintiff's allegations that Kunaboot and Mercado agreed to "make him suffer" state a cognizable section 1985 claim against both named defendants for conspiring to violate his Fourteenth Amendment rights.**

Section 1986 can be used to hold someone liable who knows about a section 1985 conspiracy and has the power to prevent it but does not. Section 1986 is inapplicable to plaintiff's claims because he has already named the two people involved in the conspiracy in the section 1985 claim. He has not alleged that any defendant was aware of the conspiracy and failed to take steps to stop it. **Plaintiff's section 1986 claim is dismissed without prejudice.**

        **c.**         **ADA and Rehabilitation Act Claims**

The elements of a cause of action under Title II of the ADA are: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either

excluded from participation in or denied the benefits of the public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

The elements of a § 504 Rehabilitation Act claim are that: (1) the plaintiff is a handicapped person under the Act; (2) he is otherwise qualified; (3) the relevant program receives federal financial assistance; and (4) the defendants impermissibly discriminated against him on the basis of the handicap. *Bonner v. Lewis*, 857 F.2d 559, 562-63 (9th Cir. 1988). The Act applies to state prisons receiving federal financial assistance. *Armstrong v. Wilson*, 124 F.3d 1019, 1022-23 (9th Cir. 1997), and a state's acceptance of federal funds may waive sovereign immunity. *See Pugliese v. Dillenberg*, 346 F.3d 937, 937-38 (9th Cir. 2003) (per curiam).

Transporting a pretrial detainee from one location to another is a function covered by the ADA and Rehabilitation Act. *See Bell v. Williams*, 108 F.4th 809, 826 (9th Cir. 2024) (failure to allow detainee to use wheelchair or prosthetic leg during cell extraction and transportation to safety cell can state ADA and Rehabilitation Act claim).

There is no individual liability for ADA or Rehabilitation Act violations under section 1983 or the laws themselves. **Liberally construed, plaintiff has stated an ADA and Rehabilitation Act claim against defendants in their official capacities.**

### d. State-Law Claims

#### i. Negligence and gross negligence

The tort of negligence requires duty, breach, causation, and harm. *Id.* "[A] jail guard does have a duty to protect inmates, [which] extends only to reasonably foreseeable harm." *Harding v. City & Cnty. of San Francisco*, 602 F. App'x 380, 383 (9th Cir. 2015) (citing *Giraldo v. Cal. Dep't of Corrs. & Rehab.*, 168 Cal.App.4th 231, 245 (2008)). "Gross negligence is the want of even scant care or an extreme departure from the ordinary standard of conduct." *Kearl v. Bd. of Med. Quality Assurance*, 189 Cal. App. 3d 1040, 1052 (Ct. App. 1986) (internal quotation marks omitted). **Liberally construed, plaintiff has stated a claim for negligence or gross negligence against both named defendants.**

### ii. Assault

"The essential elements of a cause of action for assault are: (1) defendant acted with intent to cause harmful or offensive contact, or threatened to touch plaintiff in a harmful or offensive manner; (2) plaintiff reasonably believed []he was about to be touched in a harmful or offensive manner or it reasonably appeared to plaintiff that defendant was about to carry out the threat; (3) plaintiff did not consent to defendant's conduct; (4) plaintiff was harmed; and (5) defendant's conduct was a substantial factor in causing plaintiff's harm." *So v. Shin*, 212 Cal. App. 4th 652, 669 (2013), *as modified on denial of reh'g* (Jan. 28, 2013). **Liberally construed, plaintiff has stated a cognizable claim for assault against defendant Mercado.**

### iii. Battery

"The essential elements of a cause of action for battery are: (1) defendant touched plaintiff, or caused plaintiff to be touched, with the intent to harm or offend plaintiff; (2) plaintiff did not consent to the touching; (3) plaintiff was harmed or offended by defendant's conduct; and (4) a reasonable person in plaintiff's position would have been offended by the touching." *So*, 212 Cal. App. 4th at 669. California battery against a peace officer is comparable to an excessive force claim in that the plaintiff must affirmatively plead unreasonable force. *Harding v. City & Cnty. of San Francisco*, 602 F. App'x 380, 384 (9th Cir. 2015). **Liberally construed, plaintiff has stated a cognizable claim for battery against defendant Mercado.**

### iv. Intentional infliction of emotional distress (IIED)

Intentional infliction of emotional distress exists under California law where (1) there is extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff suffers severe or extreme emotional distress; and (3) the defendant's outrageous conduct is the actual and proximate cause of the emotional distress. *Cervantez v. J.C. Penney Co.*, 24 Cal.3d 579, 593 (1979) (overturned on other grounds). **Liberally construed, plaintiff has stated a cognizable claim for IIED against both named defendants.**

### v. Bane Act

California's Bane Act protects individuals from conduct aimed at interfering with rights

7

that are secured by federal or state law, where the interference is carried out "by threat, intimidation or coercion." *Reese v. Cnty. of Sacramento*, 888 F.3d 1030, 1040-41 (9th Cir. 2018) (quoting Cal. Civ. Code § 52.1(a)). A plaintiff making a Bane Act claim must show the defendant acted with a specific intent to violate the plaintiff's right to freedom from the state or federal violation. *Id.* at 1043-44. **Liberally construed, plaintiff has stated a Bane Act claim against both named defendants.**

### e. Doe Defendants

Although the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *Wiltsie v. Cal. Dep't of Corrections*, 406 F.2d 515, 518 (9th Cir. 1968), situations may arise where the identity of alleged defendants cannot be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities or that the complaint should be dismissed on other grounds. *See Gillespie*, 629 F.2d at 642; *Velasquez v. Senko*, 643 F. Supp. 1172, 1180 (N.D. Cal. 1986). Plaintiff lists "Does 1-10" as defendants but has not described ten unknown people who were involved in violating his rights. Plaintiff has referred to a single Doe sergeant who was working at jail booking at the same time as Mercado. He has alleged that the Doe sergeant, along with Mercado, was involved in using excessive force on him and/or forcing him to use his legs in great pain. **Plaintiff must identify the Doe sergeant by name by the time of his opposition to defendant's dispositive motion, or the Doe sergeant will be dismissed.**

## MOTION FOR INJUNCTIVE RELIEF

Plaintiff filed a motion for injunctive relief against the San Francisco Sheriff's Department and the Prisoner Legal Services department for denying him access to the courts. Dkt. No. 15. A temporary restraining order (TRO) preserves the status quo and prevents irreparable harm until a hearing can be held on a preliminary injunction application. *See Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974). A temporary restraining order is an "extraordinary remedy" that a court should award only when a plaintiff makes a clear showing that he is entitled to such relief. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). The

substantive standards for a temporary restraining order are the same as those for a preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Either form of injunctive relief requires a plaintiff to demonstrate (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm that will result if an injunction is not issued, (3) the balance of equities tips in favor of the plaintiff, and (4) an injunction is in the public interest. *See Winter*, 555 U.S. at 20. The irreparable injury must be both likely and immediate. *See id*. at 22; *see also Caribbean Marine Servs. Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) ("A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief.").

Plaintiff has not identified any immediate injury. Moreover, a court only has jurisdiction to order injunctive relief against defendants in the lawsuit in front of it that relates to the claims in the lawsuit. This Court has no jurisdiction in this case over the Sheriff's Department or Prisoner Legal Services Department, as they have not been named as defendants in this case. To the extent plaintiff seeks to amend the case to name these additional defendants, the request is denied because the additional defendants and claims are not properly joined in this lawsuit. According to federal rules of joinder, plaintiff may only join claims against different defendants in one lawsuit if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

In addition, plaintiff's request for injunctive relief is moot in light of the fact that he has been released from jail custody. *See* Dkt. No. 19.

## MOTION TO STAY

Plaintiff has asked the Court to stay this case and his other civil cases filed in this district because he has been released from county jail and is currently homeless/transient. Dkt. No. 19. As there are currently no deadlines for plaintiff to meet while service on defendants will be underway and defendants will be answering the complaint and determining whether to file a motion for summary judgment or other dispositive motion over the next several months, a stay is not

beneficial to him. The stay is denied but plaintiff may seek an extension if he requires one for a particular filing. At this point, nothing is due. He must however inform the Court of his new address as soon as he has one.

**CONCLUSION**

1. Plaintiff has stated the following cognizable claims against Kunaboot in his individual capacity: Fourteenth Amendment (failure to intervene, deliberate indifference, bodily privacy); section 1985; negligence; IIED; Bane Act.

2. Plaintiff has stated the following cognizable claims against Mercado in his individual capacity: Fourteenth Amendment (excessive force, deliberate indifference); section 1985; negligence; assault; battery; IIED; Bane Act.

3. Plaintiff has stated a cognizable ADA and Rehabilitation Act claim against both defendants in their official capacities.

4. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, the Waiver of Service of Summons, a copy of the complaint (Dkt. No. 1), and a copy of this order to Sergeant Kunaboot at the San Francisco Police Department and Deputy Mercado at San Francisco County Jail #2. The Clerk shall also mail a copy of the complaint and a copy of this order to the City Attorney of San Francisco. Additionally, the Clerk shall mail a copy of this Order to plaintiff.

5. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if defendants, after being notified of this action and asked by the Court, on behalf of plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause can be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), defendants will not be required to serve and file an answer before **60 days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that

1  more completely describes the duties of the parties with regard to waiver of service of the

2  summons.  If service is waived after the date provided in the Notice but before defendants have

3  been personally served, the Answer shall be due **60 days** from the date on which the request for

4  waiver was sent or **20 days** from the date the waiver form is filed, whichever is later.

5        6.      Defendants shall answer the complaint in accordance with the Federal Rules of

6  Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

7        a.      If the defendants intend to file a motion for summary judgment or other

8  dispositive motion, they must do so no later than **60 days** from the date their answer is due. If the

9  defendants file a motion for summary judgment, it shall be supported by adequate factual

10  documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must

11  include as exhibits all records and incident reports stemming from the events at issue.  A motion

12  for summary judgment also must be accompanied by a *Rand*[1] notice so that plaintiff will have fair,

13  timely, and adequate notice of what is required of him in order to oppose the motion.  *Woods v.*

14  *Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in Rand must be served

15  concurrently with motion for summary judgment).  A motion to dismiss for failure to exhaust

16  available administrative remedies must be accompanied by a similar notice. However, the Court

17  notes that under the law of the circuit, in the rare event that a failure to exhaust is clear on the face

18  of the complaint, defendants may move for dismissal under Rule 12(b)(6), as opposed to the

19  previous practice of moving under an unenumerated Rule 12(b) motion.  *Albino v. Baca*, 747 F.3d

20  1162, 1166 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir.

21  2003), which held that failure to exhaust available administrative remedies under the Prison

22  Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"), should be raised by a defendant as an

23  unenumerated Rule 12(b) motion).  Otherwise, if a failure to exhaust is not clear on the face of the

24  complaint, Defendants must produce evidence proving failure to exhaust in a motion for summary

25  judgment under Rule 56.  *Id.*  If undisputed evidence viewed in the light most favorable to plaintiff

26  shows a failure to exhaust, defendants are entitled to summary judgment under Rule 56.  *Id.*  But if

---

[1] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

1    material facts are disputed, summary judgment should be denied and the district judge, rather than
2    a jury, should determine the facts in a preliminary proceeding. *Id.* at 1168.

3    If defendants are of the opinion that this case cannot be resolved by summary judgment,
4    they shall so inform the Court prior to the date the summary judgment motion is due. All papers
5    filed with the Court shall be promptly served on plaintiff.

6      b.  Plaintiff's opposition to the dispositive motion shall be filed with the Court
7    and served on defendants no later than **28 days** after the date on which defendants' motion is filed.

8      c.  Plaintiff is advised that a motion for summary judgment under Rule 56 of
9    the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you
10   must do in order to oppose a motion for summary judgment. Generally, summary judgment must
11   be granted when there is no genuine issue of material fact—that is, if there is no real dispute about
12   any fact that would affect the result of your case, the party who asked for summary judgment is
13   entitled to judgment as a matter of law, which will end your case. When a party you are suing
14   makes a motion for summary judgment that is supported properly by declarations (or other sworn
15   testimony), you cannot simply rely on what your complaint says. Instead, you must set out
16   specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,
17   as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and
18   documents and show that there is a genuine issue of material fact for trial. If you do not submit
19   your own evidence in opposition, summary judgment, if appropriate, may be entered against you.
20   If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154
21   F.3d at 962-63.

22   Plaintiff also is advised that—in the rare event that defendants argue that the failure to
23   exhaust is clear on the face of the complaint—a motion to dismiss for failure to exhaust available
24   administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without
25   prejudice. To avoid dismissal, you have the right to present any evidence to show that you did
26   exhaust your available administrative remedies before coming to federal court. Such evidence
27   may include: (1) declarations, which are statements signed under penalty of perjury by you or
28   others who have personal knowledge of relevant matters; (2) authenticated documents—

12

documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case. *Albino*, 747 F.3d at 1168.

(The notices above do not excuse defendants' obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 935.)

      d.    Defendants shall file a reply brief no later than **14 days** after the date plaintiff's opposition is filed.

      e.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7.    Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to defendants to depose plaintiff and any other necessary incarcerated witnesses.

8.    All communications by plaintiff with the Court must be served on defendants or their counsel, once counsel has been designated, by mailing a true copy of the document to them.

9.    It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

10.    Upon a showing of good cause, requests for a reasonable extension of time will be

granted provided they are filed on or before the deadline they seek to extend.

11. This order terminates Dockets numbers 15 and 19.

**IT IS SO ORDERED.**

Dated: May 30, 2025

                                                                                        _____
                                                                                        TRINA L. THOMPSON
                                                                                        United States District Judge